UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
NIKE USA, INC.,

                        Plaintiff,                **MEMORANDUM**
                                                             **AND OPINION**
           -against-                         CV 20-5784 (DRH)(AYS)

JANN P. OBERG, J.P. ATHLETICS, LTD.,
and CITY SOURCE N.Y. INC. doing
business as CITY SOURCE,

                        Defendants.
-------------------------------------------------------------X

**SHIELDS, Magistrate Judge:**

      This action was commenced on November 30, 2020 by Plaintiff, Nike USA, Inc. ("Nike" or "Plaintiff"), against Defendant, Jann P. Oberg, ("Oberg" or the "Individual Defendant"), J.P. Athletics, Ltd., and City Source N.Y., Inc., doing business as City Source (collectively "Defendants"). (Compl., Docket Entry ("DE") [1].) Nike alleges claims for breach of contract, breach of personal guaranty and indemnification. It also seeks alternative relief under claims sounding principally in fraud. Damages are sought in the amount of $194,701.18, plus interest, fees and costs. Generally speaking, Nike seeks payment for goods sent to Defendants, for which it alleges payment was never made.

      On February 15, 2021, Defendants filed their Answer, along with a counterclaim alleging breach of the covenant of good faith and fair dealing. Defendants deny that they are bound to pay the amount sought herein. More specifically, Defendants argue that they are not responsible for payment of products received that were outside of the "premiere" level that they were accustomed to selling. They also deny that Nike ever allowed them to return unwanted product. The defense to all of Nike's claims is more generally summarized as the allegation that, after years of working together to build the Nike brand, and contrary to the parties' agreements, Nike

1

embarked on a "direct to consumer" sales model to the detriment of small stores like the one formerly owned and operated by Defendants. Defendants state that Nike's decision to change the way in which it markets and sells its products resulted in Defendants' inability to make payment for goods, and the eventual closing of Defendants' store, as well as other similarly situated small businesses.

Nike moved to dismiss the sole counterclaim alleged, which motion was granted by the District Court in a decision dated October 19, 2021. ([DE] 17.) In dismissing the counterclaim (which, as stated above, alleged breach of the covenant of good faith and fair dealing), District Judge Hurley noted that the parties' agreements expressly reserved to Nike the unfettered right to allocate products to retailers like Defendants, without regard to the amount or type of product that it would sell. Judge Hurley also noted, <u>inter</u> <u>alia</u>, that the allegations set forth in support of the counterclaim were inconsistent with the express terms of the parties' agreement, which were thrice signed by Defendants. ([DE] 17 at 9-10.)

After dismissal of their counterclaim, Defendants obtained new counsel. (DE [18].) Newly obtained counsel now seeks to amend Defendants' Answer to assert four counterclaims. (DE [24].) Nike opposes amendment, and Defendants' motion to amend is now before this Court for decision. (Order of Hurley, J., dated Dec. 9, 2021 (noting that any pre-motion letter and any subsequent motion to amend is properly addressed to the assigned Magistrate Judge.)) On April 28, 2022, this Court held oral argument on Defendants' motion. (DE [29].) For the reasons set forth below, the motion to amend is granted in part and denied in part. Specifically, the motion is granted only to the extent that Defendants may amend their Answer to assert an affirmative defense (but not a counterclaim) of unconscionability and/or that the parties' agreements constitute unlawful contracts of adhesion. The motion is, in all other respect denied. To be clear,

Defendants may amend their Answer to assert an additional affirmative defense, but may not assert any counterclaim. As this is Defendants' second request to assert counterclaims that have no merit, no further amendment of their Answer will be allowed, and the case must instead proceed to discovery.

## BACKGROUND

I.   The Parties and Their Business Relationship

The facts surrounding the parties' business relationship as set forth in the District Court's opinion of October 17, 2022 (the "October Opinion") are unchanged. In view of the fact that Defendants do not raise any new factual arguments in support of the present motion, the Court need not restate the facts but instead relies upon those set forth in the October Opinion. Like the District Court, this Court relies on the language of the parties' agreements – the "Account Agreements," which are annexed to the Complaint. As noted by the District Court, the Account Agreements were signed by individual Defendant Oberg, who also signed a personal guaranty with respect to those contracts. (DE [17] at 2-3.)

## DISCUSSION

I.   Legal Standard on a Motion to Amend

Motions to amend are governed by Rule 15 of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 15. Where, as here, a motion to amend is interposed more than twenty-one days after service of the answer, leave of court or the consent of opposing counsel is required in order to amend. See Sidman v. Concord Arena Parking, LLC, No. 15-CV-7426, 2021 WL 7740041, *3-4 (E.D.N.Y. Oct. 8, 2021). While motions to amend are freely granted, proposed amendments are properly denied, inter alia, where assertion thereof would be futile. A proposed amendment is futile under Rule 15(a)(2) if the proposed claim would not withstand a Rule 12(b) motion to

dismiss. See Fed. R. Civ. P. 15(a)(2); see also Lucerne v. Int'l. Bus. Machs. Corp., 310 F. 3d 243, 258 (2d Cir. 2002); Sidman, 2020 WL 7740041, at *5.

To survive a Rule 12(b) motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Arista Records, LLC v. Doe 3, 604 F.3d 110, 119-20 (2d Cir. 2010). Facial plausibility is established by pleading factual content sufficient to allow a court to reasonably infer the defendant's liability. See Twombly, 550 U.S. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 555. Nor is a pleading that offers nothing more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" sufficient. Iqbal, 556 U.S. at 678 (2009) (quoting Twombly, 550 U.S. at 555). As required in the context of this motion, the factual allegations in the proposed counterclaims, though disputed by Plaintiff, are accepted as true, and all reasonable inferences are drawn therefrom in favor of Defendants.

While facts to consider in the context of a Rule 12 motion to dismiss are generally limited to those set forth in the pleadings, a court may consider matters outside of the pleadings under certain circumstances. Specifically, in the context of a Rule 12(b)(6) motion, a court may consider: (1) documents attached to the complaint as exhibits or incorporated by reference therein; (2) matters of which judicial notice may be taken; or (3) documents upon the terms and effect of which the complaint "relies heavily" and which are, thus, rendered "integral" to the complaint. Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002); see also Int'l Audiotext Network, Inc. v. Am. Tel. and Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995). Applying these

principles, here the Court considers the factual allegations of the proposed counterclaims construed in favor of Defendants, as well as the Account Agreements.

II.     Choice of Law

The choice of law rules that apply in this diversity action are those of the forum state, i.e., New York. See Schwartz v. Liberty Mut. Ins. Co., 539 F.3d 135, 147 (2d Cir. 2008). New York law enforces contractual choice of law provisions. See Hartford Fire Ins. Co. v. Orient Overseas Containers Lines (UK) Ltd., 230 F.3d 549, 556 (2d Cir. 2000); OneWest Bank, FSB v. Joam LLC, No. 10-CV-1063, 2012 WL 195013, at *5 (E.D.N.Y. Jan. 23, 2012). The Agreements, including Oberg's personal guaranty, state that they are governed by the laws of the State of Oregon. (DE [17] at 6.)

The parties briefed the prior motion pursuant to New York law, and the District Court, noting no substantial difference between the laws of Oregon and New York, applied the law of New York. (DE [17] at 7 n.2.) In connection with the present motion, however, Plaintiff has briefed both the laws of the State of Oregon and those of the State of New York. Defendants, arguing that the prior decision required application of New York law, briefed only New York law. At oral argument, Plaintiff's counsel was prepared to discuss both Oregon and New York law but argued that, with the exception of the proposed counterclaim based on a New York State statute, Oregon law applies. Defense counsel, apparently assuming that New York law applies, was unprepared to discuss the choice of law issue, or any cases applying Oregon law. As the Account agreements choose the law of the state of Oregon, it is that state law which applies to all claims under the present motion, except for the claim sought to be asserted pursuant to Section 349 of the New York State General Business Law.

### III. The Counterclaims

Defendants' motion to amend seeks to assert four counterclaims. Specifically, the motion seeks to assert three common law claims, and one statutory claim. The common law claims are: (1) a claim alleging that the Account Agreements are unreasonable and unconscionable contracts of adhesion; (2) a claim asserting conversion of goodwill, and (3) a claim asserting promissory estoppel. As to the fourth proposed counterclaim, Defendants seeks to assert a statutory claim for violation of Section 349 of the New York State General Business Law (the "GBL Claim").

At oral argument, Defendants abandoned the motion to amend to assert a counterclaim based upon the argument that the Account Agreements were unconscionable contracts of adhesion. Thus, defense counsel agreed that this claim was more properly asserted as an affirmative defense, and not as a separate counterclaim. Without conceding the merits of Defendants' argument, Plaintiff's counsel agreed that facts supporting any claim based upon unconscionability were properly put before the Court only as an affirmative defense.

In view of the foregoing, the Court denies Defendants' motion to the extent it seeks to assert a counterclaim alleging unconscionability, but will allow Defendants to amend their Answer to include this theory as an affirmative defense. Upon discovery, it may become clear that no such claim is supported by Oregon law. See W.L. May Co., Inc. v. Philco-Ford Corp., 543 P.2d 283, 288 (Or. 1975); Fink v. Guardsmark, LLC, No. CV 03-1480-BR, 2004 WL 1857114, at *5 (D. Oregon Aug. 19, 2004). However, the Court will allow amendment of the Answer at this time, without evaluating the merits thereof.

The Court turns now to consider the viability of amendment with respect to the remaining three counterclaims: (1) conversion of goodwill; (2) promissory estoppel; and, (3) a claim pursuant to Section 349 of the New York State General Business Law.

IV. The Motion to Amend is Denied

 A. Conversion

Defendants' proposed conversion counterclaim alleges that Plaintiff converted their goodwill. All agree that a claim alleging conversion must include a plausible allegation of interference with a specific identifiable thing. See Becker v. Pac. Forest Indus., Inc., 211 P.3d 284, 287 (Or. Ct. App. 2009). Goodwill does not fall within the category of things that may be subject to conversion. Indeed, Defendants can point to no law, even that of their preferred state of New York, holding otherwise. Instead, they rely only on cases holding that things such as customer lists might be converted. These cases do not apply where, as here, the party alleging conversion relies only on the allegation that goodwill has been converted. Since Defendants fail to plausibly allege a necessary element of conversion, any counterclaim alleging conversion of goodwill would be futile. Accordingly, the motion to amend to assert a counterclaim of conversion is denied.

 B. Promissory Estoppel

Defendants' proposed counterclaim for promissory estoppel appears to be no more than a re-packaging of their already dismissed counterclaim for breach of the covenant of good faith and fair dealing. However, even considering this as a new counterclaim, it must be denied as futile. Where, as here, the parties' business relationship is governed by a written contract, Oregon law recognizes no separate claim in promissory estoppel. See Quantum, Inc. v. Akeso Health Sciences, LLC, No. 3:16-cv-00334, 2017 WL 2434301, at *7 (D. Or. June 5, 2017). Because there is no question but that written contracts exist, the motion to amend to assert a counterclaim for promissory estoppel is denied.

C. Section 349

Plaintiff's GBL Claim is based upon the argument that Nike's decision to change its marketing strategy to a direct-to-consumer model constitutes an unfair business practice in violation of the New York GBL.

Section 349 of the GBL is "a broad consumer protection measure," that prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service" in the State of New York. Chery v. Conduent Educ. Servs., LLC., No. 1:18-CV-75, 2022 WL 179876, at * 7 (N.D.N.Y. Jan. 30, 2022) (internal citations omitted); see also N.Y. Gen Bus. Law § 349(a); Orlander v. Staples, Inc., 802 F.3d 289, 300 (2d Cir. 2015). To establish a violation of Section 349, the plaintiff must prove the defendant has engaged in: (1) consumer-oriented conduct that is (2) materially misleading and (3) that plaintiff suffered injury as a result of the defendant's conduct. See Koch v. Acker, Merrall & Condit Co., 18 N.Y.3d 940, 941 (2012) (citation omitted); Zottola v. Eisai Inc., No. 20-CV-02600, 2021 WL 4460563, at * 5 (S.D.N.Y. Sept. 29, 2021). As to the "consumer-oriented" prong, a plaintiff must plausibly allege that "the acts or practices have a broad impact on consumers at large." Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A., 85 N.Y.2d 20, 26 (1995). Materially misleading conduct must similarly be aimed at consumers. Thus, "[w]hether an act is materially misleading is defined objectively and looks to whether the act is likely to mislead a reasonable consumer acting reasonably under the circumstances." Morales v. Kavulich & Assocs., P.C., 294 F. Supp. 3d 193, 197 (S.D.N.Y. 2018) (emphasis added).

Here, Defendants fail to state a plausible claim under Section 349. First, the conduct alleged, i.e., Nike's pivot to a direct-to-consumer marketing strategy, while arguably harmful to Defendants' business model, is not the type of consumer-oriented conduct at which Section 349

8

is aimed. See Maurizio v. Goldsmith, 230 F.3d 518, 521 (2d Cir. 2000) ("Private contract disputes, unique to the parties . . . would not fall within the ambit" of Section 349.) (citing Genesco Ent. v. Koch, 593 F. Supp. 743, 752 (S.D.N.Y.1984) (excluding "single shot transaction [s]" from scope of consumer protection provisions)). This case involves a private business dispute and Defendants state no facts in plausible support of any consumer-oriented injury. Indeed, any change in the quality of inventory available at Defendants' store does not harm consumers at large – especially since those consumers can certainly continue to purchase Nike products online or at other retailers. Moreover, any consumer harm argument based upon the notion that Nike's business model will result in higher sale prices, less consumer choice, or the inability to purchase Nike products at previously established locations, is speculative. The conduct alleged, even if considered to be true, negatively impacted only Defendants' business, and not consumers at large. Accordingly, the motion to amend to add a counterclaim pursuant to Section 349 of the GBL is denied as futile.

## CONCLUSION

For the foregoing reasons, Defendants' motion to amend their Answer is granted in part and denied in part. The motion is granted only to the extent that Defendants may amend their Answer to assert an affirmative defense based upon unconscionability. In all other respects, the motion is denied. Defendants shall file their Amended Answer, consistent with the findings herein, within one week.

The parties are directed to proceed with discovery. Counsel shall confer and submit a joint letter on the docket, within two weeks of the date of this Order, setting forth a proposed discovery schedule. That schedule must include a list of documents that can be voluntarily

exchanged without the need for formal discovery requests. The parties shall also exchange lists of all witnesses.

Upon review of the parties' proposed schedule, this Court will, if necessary, schedule a discovery conference.

**SO ORDERED.**

Dated: Central Islip, New York
       May 19, 2022

 /s/ Anne Y. Shields
Anne Y. Shields
United States Magistrate Judge
